UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANDRE D. STRINGER, | Case No. 2:23-cv-11829 |
| *Plaintiff,* | Susan K. DeClercq<br>United States District Judge |
| v. | |
| | Patricia T. Morris<br>United States Magistrate Judge |
| SUDHIR BHAMINI, ADRIA ROACH, CHERIE BROWN, SIRENA LANDFAIR, MICHELLE GILBERT, and MANDI HOLLISTER, | |
| *Defendants.* | |
| _____/ | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT CHERI BROWN'S MOTION TO DISMISS (ECF No. 32), AND DEFENDANT BHAMINI SUDHIR, M.D.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6), AND ALTERNATIVELY FOR SUMMARY JUDGMENT BASED ON THE FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (ECF No. 34)**

**I. RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant Brown's Motion to Dismiss (ECF No. 32) be **GRANTED** and Defendant Sudhir's Motion to Dismiss, Pursuant to Fed. R. Civ. P. 12(b)(6), and Alternatively for Summary Judgment (ECF No. 34) be **GRANTED**.

If the recommendation is adopted, Defendants Brown and Sudhir will be dismissed from the case.

## II. REPORT

### A. Introduction

On July 28, 2023, Plaintiff Andre D. Stringer ("Plaintiff") commenced this *pro se* civil rights actions, pursuant to 42 U.S.C. § 1983, against Defendants Sudhir Bhamini, Adria Roach, Cherie Brown, Sirena Landfair, Michelle Gilbert, and Mandi Hollister. (ECF No. 1). All defendants are sued in their individual capacity. (*Id.* at PageID.2–4). Plaintiff alleges that while he was housed at G. Robert Cotton Correctional Facility ("JCF"), in Jackson, Michigan, Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by refusing to honor a previously issued bottom bunk accommodation. (*Id.* at PageID.5–6). And that Defendants demonstrated deliberate indifference to his "serious medical accommodation needs, by refusing to provide plaintiff a bottom bunk." (*Id.* at PageID.6).

### B. Factual Background[1]

Once he arrived at JCF, Plaintiff was assigned a top bunk despite having a bottom bunk special accommodation detail due to the screws and plate inserted in his right ankle, and screws and pins inserted in his hand to surgically repair past injuries. (ECF No. 1, PageID.8, 22). Although Plaintiff advised Defendants of this

---

[1] Majority of the information contained in the factual background is taken from the exhibits attached to Plaintiff's complaint as the complaint itself contains very little detail. (ECF No. 1, PageID.17–41).

2

detail, each defendant refused to follow the order and Plaintiff was told that his documents were falsified. (*Id.* at PageID.8). Plaintiff alleges that climbing into the top bunk has led to Plaintiff suffering "extreme pain," and his right "leg and ankle [constantly] swell[ing]." (*Id.* at PageID.9). Plaintiff seeks compensatory damages for the suffering he experienced. (*Id.*).

In March 2018, Susan H. Wilson, NP issued Plaintiff a Special Accommodation Order ("SAO") for a bottom bunk while he was housed at Alger Correctional Facility. (*Id.* at PageID.22, 35). In May 2019, when Plaintiff initially arrived at Macomb Correctional Facility ("MRF") he was examined by P.A. Kim R. Farris. (*Id.*). Farris issued him a Special Accommodation Order for a bottom bunk, and special equipment supplies which permitted Plaintiff to wear his own personal boots. (*Id.*).

At some point, Plaintiff was transferred to JCF, and in March 2023 he was examined by Defendant Roach. (*Id.* at PageID.19). During the visit, Plaintiff requested a bottom bunk detail ("BBD") and explained why he needed this accommodation. (*Id.* at PageID.22–23). He was advised that he did not "meet the MSAC guidelines to have a [BBD]." (*Id.*). Plaintiff "[v]oiced [his] understanding and left without incident." (*Id.* at PageID.19, 21). He later sent a copy of a study and X-ray report "taken after [his surgery in 2018] showing the hardware was surgically" inserted to repair his "chronic right Fibula fracture to prove the chronic

3

surgery." (*Id.* at PageID.23). About a month later, he was seen by Defendant Sudhir. (*Id.* at PageID.18). During that visit, he again requested a BBD to address the difficulty he experienced climbing down from the top bunk due to his 2018 surgery to repair a fracture in his right ankle. (*Id.*).

Following this, he filed a grievance for refusal and "denial of medical treatment," and for the discontinuation of his accommodation without notice. (*Id.* at PageID.23, 26). The kite response and grievance denial indicated that Plaintiff never received a BBD special accommodation. (*Id.* at PageID.23). Plaintiff appealed his grievance and challenged the veracity of this statement. (*Id.*). At Step II, the appeal was denied on the basis that there was "no current record of [Plaintiff] having had a [BBD] . . . ." (*Id.* at PageID.29). At Step III, the grievance was denied as untimely as Plaintiff's "last attempt to resolve [the] grievance was on April 5, 2023" but the grievance was not "received at Step I until April 20, 2023." (*Id.* at PageID.28).

In May 2023, Plaintiff submitted a Kite requesting that he receive "fair, impartial, and adequate medical attention and treatment" and that someone address "the denial and delayed treatment' he has been experiencing. (*Id.* at PageID.24). Defendant Brown issued a response stating

> Please be advised that the [Health Care Manager] HUM does not answer KITES. There [was] no prior documentation on any Medical Detail Special Accommodation granting a bottom bunk detail or personal boot detail. There is no medical request being made at this

>   time. Please re-KITE with any symptoms you feel you are experiencing.

(*Id.*).

Plaintiff commenced this action on July 28, 2023. (ECF No. 1). Defendant Brown filed a motion to dismiss on February 15, 2024 (ECF No. 32), but Plaintiff has not filed a response. Defendant Sudhir filed a motion dismiss, and alternatively for summary judgment (ECF No. 34), and this motion is fully briefed.

## C. Standard of Review

### a. Motion to Dismiss Pursuant to Rule 12(b)(6)

Under Rule 12(b)(6), a complaint must provide "a short and plain statement of the claim that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Accordingly, a plaintiff's complaint shall be dismissed for failure to state a claim if it lacks sufficient "factual matter (taken as true) to" provide "plausible grounds to infer" that the elements of a claim for relief could be met. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see* Fed. R. Civ. P. 12(b)(6). A complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere labels, conclusory statements, or "formulaic recitations" of the elements of a cause of action are not sufficient to meet this burden if they are unsupported by adequate factual allegations. *Id.* (citing *Papasan v. Allain*, 478 U.S. 265. 286 (1986)). The requirement to provide a claim does not require that a claim be "probable"; however,

a claim must be more than merely "conceivable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009).

### b. Summary Judgment Motion Pursuant to Rule 56(a)

Summary judgment is appropriate where the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that would affect "the outcome of the suit under the governing law. . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there . . . are any genuine factual issues that properly can be resolved only by a finder of fact . . . ." *Id.* at 249–50, 255. Accordingly, "the evidence, all facts, and any inferences that may be drawn from the facts" must be viewed "in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

The non-moving party cannot merely rest on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339–40 (6th Cir. 1993). The non-movant cannot withhold evidence until trial or rely on speculative

6

possibilities that material issues of fact will appear later. 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2739 (3d ed. 1998). "[T]o withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D.N.J. 2010). In doing so, the non-moving party cannot simply assert that the other side's evidence lacks credibility. *Id.* at 493. And while a pro se party's arguments are entitled to liberal construction, "this liberal standard does not . . . 'relieve [the party] of his duty to meet the requirements necessary to defeat a motion for summary judgment.'" *Veloz v. New York*, 339 F. Supp. 2d 505, 513 (S.D.N.Y. 2004) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). "[A] pro se party's 'bald assertion,' completely unsupported by evidence is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

### D. Analysis

#### a. Defendant Brown's Motion to Dismiss

Defendant Brown contends that Plaintiff has failed to state a claim against her as (i) he has not lodged any factual allegations against Defendant Brown much less sufficiently alleged that she was deliberately indifferent or involved in his medical

7

care and treatment; (ii) he has not alleged an actual injury; and (iii) his allegations sound in insufficiencies of correctional conditions and not medical care. (ECF No. 32, PageID.125–135). Even if Plaintiff had successfully stated a claim against Defendant Brown, Brown argues she should still be dismissed as she is entitled to Eleventh Amendment immunity. (*Id.* at PageID.132–33). Last, Plaintiff's complaint should be dismissed as to Defendant Brown as he failed to exhaust his administrative remedies prior to commencing this action. (*Id.* at PageID.134–35).

Although Plaintiff has not filed a response to this motion, it is not necessary for the Court to wait for a response as the deficiencies contained in the complaint cannot be remedied by a response.

### i. Failure to Lodge Factual Allegations Against Defendant Brown

Under the Eighth Amendment, prisoners have a constitutional right to medical care. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). And prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Id.* at 104. A deliberate indifference claim has two components, one objective and the other subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Under the objective component, the plaintiff must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued

8

subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.*

The subjective element of a deliberate indifference claim requires a plaintiff to demonstrate that the defendant "subjectively perceived a risk of harm and then disregarded it." *Comstock*, 273 F.3d at 703. Indeed, the plaintiff must establish that "prison officials have a sufficiently culpable state of mind in denying medical care." *Jones v. Muskegon Cnty.*, 625 F.3d 935, (6th Cir. 2010). A culpable state of mind requires obduracy and wantonness, not mere inadvertence. *Gibson v. Foltz*, 923 F.2d 851, 853 (6th Cir. 1992). A plaintiff need not show that an official acted with the purpose or knowledge of causing harm; recklessness in disregarding a substantial risk will suffice. *Comstock*, 273 F.3d at 703 (quoting *Farmer*, 511 U.S. at 835) (holding that official must know of and disregard an excessive risk to inmate health or safety)). In essence, deliberate indifference can be established by a plaintiff demonstrating that medical care was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2001)).

Plaintiff's complaint does not include a single factual allegation against Defendant Brown. (*See generally* ECF No. 1). In fact, Defendant Brown's name is only included in the caption, the section requesting that all parties to the complaint

9

be identified by Plaintiff, and a kite response attached as Exhibit B to the complaint. (ECF No. 1, PageID.1–2). Even the Court's liberal construction of the complaint, and the attached exhibits, fail to reveal the inclusion of any factual allegations lodged against Defendant Brown. The only substantive reference involving Defendant Brown is included in Exhibit B, an exhibit attached to Plaintiff's complaint. Exhibit B is a Kite Response from Defendant Brown advising Plaintiff that his file does not include "prior documentation on any Medical Detail Special Accommodation granting a bottom bunk detail or personal boot detail." (*Id.* at PageID.24). Defendant Brown's only actions, based on the kite, were she responded to Plaintiff's kite advising that his file did not include a BBD, and directing him to submit another kite outlining the symptoms he was experiencing. (*Id.*).

Plaintiff's complaint contains no discussion of whether Defendant Brown perceived any facts from which to infer a substantial risk to the Plaintiff, whether she in fact drew that inference and later disregarded the risk. *Farmer*, 511 U.S. at 834. And certainly does not discuss the subjective component of the deliberate indifference test. *Comstock*, 273 F.3d at 703. In sum, Defendant Brown is identified as a party but there are no allegations lodged against her. This type of deficiency warrants dismissing Defendant Brown from the action. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint as plaintiff failed to allege how the named defendants were involved in the violation of his rights); *see*

10

*Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint failed to allege with any degree of specificity which of the named defendants were personally responsible for the alleged constitutional violations); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leadings to his injuries.").

Thus, the Undersigned finds that Plaintiff has failed to state a claim against Defendant Brown.

### ii. Failure to Exhaust Administrative Remedies as to Defendant Brown

Next, I turn to Defendant Brown's procedural argument that Plaintiff failed to exhaust his administrative remedies against her, prior to commencing the action, as he failed to identify "Defendant Brown or her conduct in *any* such institutional complaint or grievance proceedings." (ECF No.32, PageID.134) (emphasis in original).

Under the Prison Litigation Reform Act ("PLRA") of 1996, specifically 42 U.S.C. 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison

11

conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules . . . ." *Woodford*, 548 U.S. at 90. One reason for creating prisoner grievance procedures under the PLRA was to create an administrative record for the court.

> Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.

*Jones v. Bock*, 549 U.S. 199, 204 (2007). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Id.* at 218; *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). "Compliance with prison grievance procedure, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218.

MDOC Policy Directive ("P.D.") 03.02.130, effective March 18, 2019, prescribes the three-step administrative exhaustion process for grievable matters. At Step I, a prisoner must "attempt to resolve the issue **with the staff member** involved

within two business days" and, if unsuccessful, must file a grievance within five business days. (ECF No.34-2, PageID.177, ¶ Q). To be properly exhausted, a defendant must be named at Step I. MDOC P.D. 03.02.130, ¶ S provides:

> The issues should be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., **who**, what, when, where, why, how). Dates, times, places, and **names of all those involved in the issue being grieved are to be included**.

(*Id.* at PageID.178) (underscore in original) (bold emphasis added).

Defendant Brown is not identified in Plaintiff's grievance. (ECF No. 1, PageID.26, 29). Further, the grievance does not include any detail which would provide any clue or hint as to action taken by Defendant Brown which Plaintiff alleges violated his Eighth Amendment right. (*Id.*). "For a court to find that a prisoner has administratively exhausted a claim against an individual defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003). Plaintiff's failure to identify Defendant Brown in his Step I, II, or III grievance precludes a finding of exhaustion. *Walker v. Greiner*, No. 21-12874, 2024 WL 1342683, at *1 (E.D. Mich. Mar. 28, 2024) (finding plaintiff failed to properly exhaust his administrative remedies by not expressly naming a defendant in his grievance); *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 740 (W.D. Mich. 2002).

Thus, Plaintiff has failed to properly exhaust his administrative remedies as he did not name Defendant Brown as one of "those involved in the issue being grieved" as required by MDOC P.D. 03.02.130, ¶ S.

### b. Defendant Sudhir's Motion to Dismiss, And Alternatively for Summary Judgment

Defendant Sudhir contends that Plaintiff has failed to state a claim against her as Plaintiff has not lodged any factual allegations related to how Defendant Sudhir was deliberately indifferent to his medical needs (ECF No. 34, PageID.161–63). And Defendant Sudhir alleges she is entitled to summary judgment as Plaintiff failed to exhaust his administrative remedies as to her specifically prior to commencing this action. (*Id.* at PageID.163–65). Plaintiff's response indicates that his compliant sufficiently alleges a claim against Defendant Sudhir as it "lists all defendants that were deliberately indifferent to Plaintiff's serious medical need, all in their own way." (ECF No. 40, PageID.217). And that Plaintiff "attempted many ways to administratively remedy the situation" and thus his allegations against Defendant Sudhir "should be considered exhausted." (*Id.* at PageID.219).

### iii. Failure to Lodge Factual Allegations Against Defendant Sudhir

First, I will address the merits of Defendant Sudhir's motion. Plaintiff's complaint suffers from the same deficiency here as it does in relation to Defendant Brown. The Complaint does not contain any factual allegations as to whether

14

Defendant Sudhir perceived any facts from which to infer a substantial risk to the Plaintiff, whether she in fact drew that inference and later disregarded the risk. *Farmer*, 511 U.S. at 834.  And does not discuss the subjective component of the deliberate indifference test.  *Comstock*, 273 F.3d at 703.  In sum, while Defendant Sudhir is identified as a party, there are no factual allegations lodged against her.  This type of deficiency warrants dismissing Defendant Sudhir from the action.  *See Gilmore*, 92 F. App'x at 190; *see Frazier*, 41 F. App'x at 764; *Rodriguez*, 1990 WL 82722 at *1.

Thus, the Undersigned finds that Plaintiff has failed to state a claim against Defendant Sudhir.

### iv. Failure to Exhaust Administrative Remedies as to Defendant Sudhir

Next, I turn to Defendant Sudhir's procedural argument that Plaintiff failed to exhaust his administrative remedies against her, prior to commencing the action, as he failed to "specifically name" her in his grievance.  (ECF No. 34, PageID.163–64).  Defendant Sudhir is correct that Plaintiff failed to exhaust his administrative remedies against her as he did not identify her in his Step I, II, or III grievance as required by MDOC P.D. 03.02.130, ¶ S.  (ECF No. 34-1, PageID.167–175).  Failure to do so precludes a finding of exhaustion.  *Walker*, 2024 WL 1342683 at *1; *Smeltzer*, 235 F. Supp. 2d at 740.

15

Thus, Plaintiff has failed to properly exhaust his administrative remedies as to Defendant Sudhir as he did not name her as an individual "involved in the issue being grieved" as required by MDOC P.D. 03.02.130, ¶ S.

### E. Conclusion

For the reasons discussed above, **I RECOMMEND** that Defendant Brown's Motion to Dismiss (ECF No. 32) be **GRANTED**, and Defendant Sudhir's Motion to Dismiss, Pursuant to Fed. R. Civ. P. 12(b)(6), and Alternatively for Summary Judgment (ECF No. 34) be **GRANTED**.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1.) Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981.) The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d.) The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 13, 2024                              S/ PATRICIA T. MORRIS
                                                 Patricia T. Morris
                                                 United States Magistrate Judge