# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ANDRE D. STRINGER,

    *Plaintiff,*

v.

ADRIA ROACH, SIRENA LANDFAIR, MICHELLE GILBERT, and MANDI HOLLISTER,

    *Defendants.*

                        /

Case No. 2:23-cv-11829

Susan K. DeClercq
United States District Judge

Patricia T. Morris
United States Magistrate Judge

## ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 55)

Plaintiff Andre Stringer ("Plaintiff") filed this *pro se* civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants on July 28, 2023, alleging violations of his Eighth Amendment rights to be free from cruel and unusual punishment and deliberate indifference to his serious medical needs regarding bottom bunk accommodations. After a Report and Recommendation was adopted, several Defendants were dismissed from the case and are no longer listed in the caption. (ECF No. 52.)

On October 25, 2024, Plaintiff filed a motion requesting that the court appoint counsel to assist him in this litigation. (ECF No. 55). Plaintiff represents that he "cannot afford and attorney" and that the "case is to [sic] complex for Plaintiff to handle[.]" (ECF No. 55, PageID.326.)

Plaintiff's motion to appoint counsel will be **DENIED**. Although federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to "request an attorney to represent any person unable to afford counsel," there is no constitutional right to court-appointed counsel in a civil case. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995). The decision rests in the district court's sound discretion and will be overturned only if it impinges fundamental due process rights and amounts to an abuse of discretion. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992); *see also Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011).

The appointment of counsel is only justified by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). In determining whether exceptional circumstances are present, the court must consider the "nature of the case," the complexity of the factual and legal issues involved, and the plaintiff's ability to represent himself. *Id.* at 606; *see also Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013); *Garrison v. Michigan Dep't of Corr.*, 333 F. App'x 914, 917–18 (6th Cir. 2009). Nonetheless, a plaintiff "is not entitled to the appointment of

counsel merely because his case may proceed to trial." *Gresham v. Granholm*, No. 2:09-cv-231, 2012 WL 3126781, at *5 (W.D. Mich. July 31, 2012) (citing *Lince v. Youngert*, 136 F. App'x 779, 782–83 (6th Cir. 2005)); *see also Zibbell v. Marquette Cnty. Res. Mgmt.*, No. 2:12-cv-302, 2013 WL 625062, at *13 (W.D. Mich. Feb. 20, 2013) (noting that the procedural posture of case is a consideration).

While the case has been through some dispositive motions, discovery remains open and the dispositive motion deadline has not yet passed. In addition, Plaintiff's complaint and motion practice demonstrate that he possesses the ability to litigate this action without the assistance of counsel. For the most part, Plaintiff's filings demonstrate that he possesses the ability to state his claims and argue his positions. (*See, e.g.*, ECF Nos. 1, 50). And the case, as it stands today, does not present issues which are factually or legally complex.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 55) is **DENIED WITHOUT PREJUDICE**. In the future, Plaintiff may again request appointment of counsel if he can demonstrate a change in circumstances that would necessitate the assistance of counsel.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

Date: October 29, 2024                             s/ PATRICIA T. MORRIS
                                                   Patricia T. Morris
                                                   United States Magistrate Judge