UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE D. STRINGER,

             Plaintiff,                           Case No. 2:23-cv-11829

v.                                          Honorable Susan K. DeClercq
                                              United States District Judge

ADRIA ROACH, et al.,

             Defendants.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 64) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; ADOPTING REPORT AND RECOMMENDATION (ECF No. 63); GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 58); AND DISMISSING PLAINTIFF'S COMPLAINT (ECF No. 1)**

Before this Court are Plaintiff Andre Stringer's objections to the magistrate judge's report and recommendation ("R&R"), which recommends that this Court grant the motion for summary judgment filed by Defendants Joseph Roach,[1] Michelle Gilbert, Mandi Hollister, and Sirena Landfair. As explained below, Stringer's objections will be overruled, the R&R will be adopted, Defendants' motion for summary judgment will be granted, and the case will be dismissed.

_____

[1] In their motion for summary judgment, Defendants represent that Defendant Adria Roach is now named Joseph Roach. ECF No. 58 at PageID.340. Thus, besides the case caption, this Court will refer to this defendant as Joseph Roach.

# I. BACKGROUND

Andre Stringer is currently incarcerated in the custody of the Michigan Department of Corrections ("MDOC"). At some point in 2018, he had surgery to insert a plate and screws into his right ankle. ECF No. 1 at PageID.8, 22. Thus, in March 2018, while Stringer was housed at Alger Correctional Facility, a nurse practitioner issued him a special accommodation for a bottom bunk bed. *Id.* at PageID.22, 35.

In March 2019, Stringer was transferred to Macomb Correctional Facility. Upon arriving there, he was examined by a physician's assistant, who also issued him a special accommodation for a bottom bunk. Three-and-a-half years later, in September 2022, a doctor examined Stringer and found that "if available [Stringer] can be in [a bottom bunk] otherwise not necessary." ECF No. 58-8 at PageID.396.

Then, on January 31, 2023, Stringer was transferred to Jackson Correctional Facility, where he was assigned a top bunk. ECF No. 58-3 at PageID.377. Ten days later, Stringer requested that he be evaluated for a "bottom-bunk detail." ECF No. 58-8 at PageID.397.

On March 2, 2023, Stringer was examined by Defendant Joseph Roach, R.N. ECF No. 1 at PageID.19. During this visit, Stringer requested a bottom-bunk detail and explained why he needed this accommodation. *Id.* at PageID.22–23. But Roach advised Stringer that he did not "meet the [MDOC's Medical Service Advisory

Committee] guidelines to have a [bottom-bunk detail]." According to Roach's notes, Stringer "[v]oiced [his] understanding and left without incident." *Id.* at PageID.19, 21.

About a month later, Stringer was seen by Sudhir Bhamini, M.D. *Id.* at PageID.18. During that visit, Stringer again requested a bottom-bunk detail because he continued to have trouble climbing down from the top bunk due to his 2018 surgery. *Id.* Dr. Bhamini examined Stringer and found that "there is no indication for [a bottom-bunk detail] at this time." ECF No. 58-8 at PageID.401.

Stringer then filed a grievance related to the medical staff's refusal to issue him a bottom-bunk detail. ECF No. 58-9 at PageID.406. Defendant Landfair reviewed the grievance, and Defendant Hollister responded to the grievance and denied it. *Id.* at PageID.407. Stringer escalated the denial of his grievance, but it was again denied by Defendant Gilbert. *Id.* at PageID.405. Landfair, Hollister, and Gilbert were not involved in directly evaluating Stringer for a bottom-bunk detail. They were involved only in responding to Stringer's grievance.

On July 23, 2024, Stringer sued Roach, Landfair, Hollister, and Gilbert under 42 U.S.C. § 1983 for violations of his Eighth Amendment rights.[2] *See* ECF No. 1.

---

[2] Originally, Stringer also sued two other people—Dr. Bhamini and Cheri Brown, R.N.—but both were dismissed from the case in July 2024. *See* ECF No. 52.

Stringer alleges that Defendants' denial of a bottom-bunk detail constituted deliberate indifference to his serious medical needs. *See id.*

On January 14, 2025, Defendants moved for summary judgment, arguing that they were entitled to qualified immunity. ECF No. 58. Specifically, Landfair, Hollister, and Gilbert argue that because they had only reviewed and responded to Stringer's grievance, they were not personally involved in any alleged constitutional violation related to Stringer's medical care. *Id.* at PageID.351–355. And Roach argues that as a matter of law, the determination that Stringer did not qualify for a bottom-bunk detail does not rise to the level of deliberate indifference. *Id.* at PageID.355–59.

After full briefing, ECF Nos. 60; 61, Magistrate Judge Patricia T. Morris issued a report recommending that Defendants' motion for summary judgment be granted, ECF No. 63. Stringer objected, ECF No. 64, and Defendants responded to the objections, ECF No. 65. The matter is thus ripe for this Court's review.

## II. LEGAL STANDARDS

### A. Report and Recommendation

When a party objects to a magistrate judge's R&R, the court must review *de novo* those portions of it to which the party has objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir.

1981). After reviewing the evidence, the court may accept, reject, or modify the findings and recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F. Supp. 3d 1014, 1017–18 (E.D. Mich. 2021). The court may adopt the magistrate judge's R&R without specifying what it reviewed. *Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) (collecting cases).

### B. Summary Judgment

To prevail on summary judgment, movants must identify record evidence showing that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); FED. R. CIV. P. 56(a). If the movant makes such a showing, then the burden shifts to the nonmovant to identify specific facts that create "a genuine issue for trial," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted), which requires more than a mere "scintilla of evidence," *id.* at 252, and more than "metaphysical doubt," *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). All inferences must be reasonable, logical, and drawn in the nonmovant's favor to determine whether any party must prevail as a matter of law. *See Anderson*, 477 U.S. at 251–52.

### III. DISCUSSION

This Court has reviewed *de novo* Stringer's complaint, ECF No. 1, Defendants' motion for summary judgment, ECF No. 58, the accompanying

response and reply, ECF Nos. 60; 61, the magistrate judge's R&R, ECF No. 63, Stringer's objections to the R&R, ECF No. 64, Defendants' response to the objections, ECF No. 65, and all other applicable filings and law.

Having conducted this *de novo* review, this Court finds that Judge Morris's factual conclusions are correct, that she reasonably applied the correct law, and that her legal reasoning is sound. Therefore, as explained below, this Court will adopt the R&R's recommendation that each Defendant is entitled to qualified immunity, because Stringer has not shown that any of them violated his constitutional rights.

### A. Qualified Immunity

Qualified immunity shields government officials who perform discretionary functions from liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Whether an official is entitled to qualified immunity is a two-pronged inquiry. Courts "must decide whether the facts the plaintiff has alleged or shown make up a violation of a constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Courts must also "decide whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." *Id.* These prongs may be addressed in any order. *Martin v. City of Broadview Heights*, 712 F.3d 951, 957 (6th Cir. 2013). But if the undisputed facts show that an official committed no constitutional violation at all, then courts may

dismiss a plaintiff's claims on this basis alone, without proceeding to the "clearly-established" prong. *See, e.g.*, *Pearson*, 555 U.S. at 236.

### 1. Defendants Gilbert, Hollister, and Landfair

The magistrate judge determined that Stringer's Eighth Amendment claims against Gilbert, Hollister, and Landfair should be dismissed because they were not personally involved in denying him a bottom-bunk detail. ECF No. 63 at PageID.451–53. Rather, they were involved only in reviewing and responding to Stringer's grievance, and Stringer produced no evidence suggesting otherwise. *Id.*

This conclusion is correct. To be liable under § 1983, a defendant must be personally involved in the conduct underlying the plaintiff's complaint. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Simply reviewing and denying a plaintiff's grievance is not enough for liability. *Id.* (holding that claims against defendants involved only in denying plaintiff's grievances failed as a matter of law); *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) (same); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) (same).

A review of the record confirms that, just as the magistrate judge correctly determined, Stringer failed to produce any evidence suggesting that Gilbert, Hollsiter, or Landfair did anything other than respond to his grievance. And Stringer once again failed to produce any such evidence in his objections. *See* ECF No. 64 at PageID.460–62. To be sure, Stringer argues that Gilbert, Hollister, and Landfair

"were charged with a duty, as medical providers, to do what they could to help [him] avoid future injuries" when his bottom-bunk detail was denied. *Id.* at PageID.461. But again, "[t]he denial of [a] grievance is not the same as the denial of a request to receive medical care." *Martin*, 14 F. App'x at 309. Stringer has therefore failed to create a genuine fact dispute over these officials' personal involvement in the denial of his bottom-bunk detail.

In sum, the undisputed facts show that Gilbert, Hollister, and Landfair were not personally involved in denying Stringer a bottom-bunk detail. Thus, as a matter of law, none of these officials violated Stringer's constitutional rights, and his claims against them must be dismissed. *See Pearson*, 555 U.S. at 236.

### 2. Defendant Roach

That leaves Defendant Roach, who provided care to Stringer directly and determined that he did not qualify for a bottom-bunk detail. The magistrate judge concluded that there was insufficient evidence to suggest that Roach was deliberately indifferent to Stringer's serious medical needs. *See* ECF No. 63 at PageID.453–56. Stringer objects that Roach noticed and treated swelling around his ankles, and so Roach should have known that a bottom-bunk detail was necessary. ECF No. 64 at PageID.463.

Despite Stringer's arguments, the magistrate judge's conclusion is correct: there is not enough evidence to submit Stringer's Eight Amendment claim against

- 8 -

Roach to a jury. The test for Eight Amendment deliberate indifference includes both an objective and subjective component. *Phillips v. Tangilag*, 14 F.4th 524, 534 (6th Cir. 2021). The objective component asks: "Did the prisoner face a sufficiently serious risk of harm?" *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component asks: "Did the official know of and disregard the serious medical need?" *Id.* at 535 (citing *Farmer*, 511 U.S. at 838–39)). Courts need not proceed to the subjective component if the plaintiff fails to establish the objective component. *Id.*

Under the objective component, the incarcerated plaintiff must establish that they have "serious medical needs." *Id.* at 534 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But in situations where, as here, doctors provide some care and plaintiffs challenge their treatment choices as inadequate, plaintiffs "must show more." *Id.* at 535. In these situations, medical care qualifies as "cruel and unusual" only if "it is so 'grossly incompetent' or so grossly 'inadequate' as to 'shock the conscience' or 'be intolerable to fundamental fairness.'" *Id.* at 535 (quoting *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018)). To prove grossly inadequate care, courts "generally require" incarcerated plaintiffs to "introduce medical evidence, typically in the form of expert testimony." *Id.*

Here, the magistrate judge correctly determined that Stringer failed to establish the objective component of the deliberate-indifference test. No reasonable

jury could find that Roach's care was so grossly incompetent or inadequate so as to shock the conscience. *See Rhinehart*, 894 F.3d at 737. Specifically, Roach evaluated Stringer and determined that he did not qualify for a bottom-bunk detail under MDOC's Medical Service Advisory Committee ("MSAC") guidelines. And as the magistrate judge outlines, Roach's determination was not at all unreasonable or unexpected, but rather aligned with the determination of two other medical providers. *See* ECF No. 63 at PageID.455–56. Stringer also offers no medical evidence of his own—such as expert testimony—to show that Roach's determination was radically mistaken. *See Phillips*, 14 F.4th at 535. This lack of evidence forecloses Stringer's claim against Roach as a matter of law.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's objections, ECF No. 64, to the magistrate judge's report and recommendation are **OVERRULED**. Further, the report and recommendation, ECF No. 63, is **ADOPTED**. Further, Defendants' motion for summary judgment, ECF No. 58, is **GRANTED**. Further, Plaintiff's complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

**This is a final order and closes the above-captioned case**.

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: July 30, 2025

- 10 -